IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMGEN INCORPORATED<br>One Amgen Center Drive<br>Thousand Oaks, CA 91320<br><br>and<br><br>CYTOKINETICS INCORPORATED<br>280 East Grand Avenue<br>South San Francisco, CA 94080<br><br>Plaintiffs,<br><br>v.<br><br>HON. David Kappos<br>Under Secretary of Commerce for Intellectual<br>Property and Director of the United States Patent<br>and Trademark Office<br>Office of General Counsel,<br>United States Patent and Trademark Office<br>P.O. Box 15667, Arlington, VA 22215<br>Madison Building East, Rm. 10B20<br>600 Dulany Street, Alexandria, VA 22314<br><br>Defendant. | Case No._____ |

## COMPLAINT

Plaintiffs, Amgen Incorporated ("Amgen") and Cytokinetics Incorporated ("Cytokinetics"), for their complaint against the Honorable David Kappos, state as follows:

## NATURE OF THE ACTION

1. This is an action by the assignee and the exclusive licensee of United States Patent No. 7,507,735 ("the '735 patent") seeking judgment, pursuant to 35 U.S.C. § 154(b)(4)(A), that the patent term adjustment for the '735 patent be changed from 412 days to at least 605 days.

2. This action arises under 35 U.S.C. § 154 and the Administrative Procedures Act, 5 U.S.C. §§ 701-706.

## JURISDICTION AND VENUE

3. This Court has jurisdiction to hear this action and is authorized to issue the relief sought pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1361, 35 U.S.C. § 154(b)(4)(A) and 5 U.S.C. §§ 701-706.

4. Venue is proper in this district by virtue of 35 U.S.C. § 154(b)(4)(A).

5. This Complaint is timely filed in accordance with 35 U.S.C. § 154(b)(4)(A).

## THE PARTIES

6. Plaintiff Amgen is a corporation organized under the laws of Delaware, having a principal place of business at One Amgen Center Drive, Thousand Oaks, CA 91320.

7. Plaintiff Cytokinetics is a corporation organized under the laws of Delaware, having a principal place of business at 280 East Grand Avenue, South San Francisco, CA 94080.

8. Defendant David Kappos is the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office ("PTO"), acting in his official capacity. The Director is the head of the agency, charged by statute with providing management supervision for the PTO and for the issuance of patents. The Director is the official responsible for determining the period of patent term adjustment under 35 U.S.C. § 154.

## BACKGROUND

9. Bradley Paul Morgan, Alex Muci, Pu-Ping Lu, Erica Anne Kraynack, Todd Tochimoto, and David J. Morgans, Jr. are the inventors of U.S. patent application number 11/155,940 ("the '940 application") entitled "Compounds, Compositions, and Methods," which

was issued as the '735 patent on March 24, 2009. The '735 patent claims compounds, pharmaceutical compositions, and methods of using the compounds and compositions to treat heart failure. The '735 patent is attached as Exhibit A.

10. Plaintiff Cytokinetics is the assignee of the '735 patent, as evidenced by the assignment documents recorded in the PTO. Amgen has been and is the exclusive licensee of the '735 patent.

11. Section 154 of title 35 of the United States Code requires that the Director of the PTO grant a patent term adjustment in accordance with the provisions of section 154(b). Specifically, 35 U.S.C. § 154(b)(3)(D) states that "[t]he Director shall proceed to grant the patent after completion of the Director's determination of a patent term adjustment under the procedures established under this subsection, notwithstanding any appeal taken by the applicant of such determination."

12. In determining patent term adjustment, the Director is required to extend the term of a patent for a period equal to the total number of days attributable to delay by the PTO under 35 U.S.C. § 154(b)(1), as limited by any overlapping periods of delay by the PTO as specified under 35 U.S.C. § 154(b)(2)(A), any disclaimer of patent term by the applicant under 35 U.S.C. § 154(b)(2)(B), and any delay attributable to the applicant under 35 U.S.C. § 154(b)(2)(C).

13. The Director made a determination of patent term adjustment pursuant to 35 U.S.C. § 154(b)(3) and issued the '735 patent reflecting that determination.

14. Plaintiff Amgen filed a paper titled "Determination of Patent Term Adjustment - Post Grant" on April 16, 2009, requesting that the term of this patent be adjusted by 605 days.

15. 35 U.S.C. § 154(b)(4)(A) provides that "[a]n applicant dissatisfied with a determination made by the Director under paragraph (3) shall have remedy by a civil action against the Director filed in the United States District Court for the District of Columbia within 180 days after grant of the patent. Chapter 7 of title 5 shall apply to such an action."

## CLAIM FOR RELIEF

16. The allegations of paragraphs 1-15 are incorporated in this claim for relief as if fully set forth.

17. The patent term adjustment for the '735 patent, as determined by the Director under 35 U.S.C. § 154(b) and indicated on the face of the '735 patent, is 412 days. (*See* Ex. A at 1.) The determination of this 412 day patent term adjustment is in error because the PTO failed to properly account for the delays that occurred after the date that was three years after the actual filing date of the '940 application, pursuant to 35 U.S.C. § 154(b)(1)(A). The correct patent term adjustment for the '735 patent is at least 605 days.

18. The '940 application was filed on June 16, 2005, and issued as the '735 patent on March 24, 2009.

19. Under 35 U.S.C. § 154(b)(1)(A), the number of days attributable to PTO examination delay ("A Delay") is 412 days.

20. Under 35 U.S.C. § 154(b)(1)(B) and 37 C.F.R. § 1.703(b)(1), the number of days between the date that was three years after the actual filing date of the '940 application (*i.e.*, June 16, 2008) and the date that the '735 patent issued (*i.e.*, March 24, 2009) ("B Delay") is 281 days. The number of days of that B Delay that overlaps with the 412 days of A Delay is 88 days. Thus, the net patent term adjustment due to the patentee under 35 U.S.C. § 1.54(b)(1)(B) is 193 days.

-5-

21. Under 35 U.S.C. § 154(b)(2)(C), there are no days of applicant delay.

22. 35 U.S.C. § 154(b)(2)(A) provides that "to the extent that periods of delay attributable to grounds specified in paragraph [b](1) overlap, the period of any adjustment . . . shall not exceed the actual number of days the issuance of the patent was delayed." The overlap between the "A Delay" period and the "B Delay" period in the prosecution of the '735 patent (*i.e.*, the period of "A Delay" that occurred between June 16, 2008, and March 24, 2009) is 88 days.

23. The '735 patent is not subject to a disclaimer of term. Thus, the period of patent term adjustment is not limited under 35 U.S.C. § 154(b)(2)(B).

24. Accordingly, the correct patent term adjustment under 35 U.S.C. § 154(b)(1) and (2) is the sum of the "A Delay" and "B Delay" (412 + 281= 693 days) reduced by the number of days of "A delay" that occurred more than three years after the filing date of the '940 application and before the issuance of the patent (88 days) for a net adjustment of 605 days.

25. The Director erred in the determination of patent term adjustment by treating the entire period of PTO examination delay as the period of overlap between the "A Delay" and the "B Delay," rather than only the period of PTO examination delay that occurred after the date that was three years after the actual filing date of the '940 application. Thus, the Director erroneously determined that the net patent term adjustment should be limited under 35 U.S.C. § 154(b)(2)(A) by 281 days, rather than the correct number of 88 days, and arrived at a net patent term adjustment of 412 days.

26. In *Wyeth v. Dudas*, 580 F. Supp. 2d 138 (D.D.C. 2008), this Court explained the proper construction of the provisions of 35 U.S.C. § 154(b) for determining patent term adjustment. In accordance with *Wyeth*, the patent term adjustment for the '735 patent is properly determined to be 605 days, as set forth above.

-6-

27. The Director's determination that the '735 patent is entitled to only 412 days of patent term adjustment is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law and in excess of statutory jurisdiction, authority, or limitation.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff demands judgment against Defendant and respectfully requests that this Court enter Orders:

A.  Changing the period of patent term adjustment for the '735 patent term from 412 days to 605 days and requiring the Director to extend the term of the '735 patent to reflect the 605 day patent term adjustment.

B.  Granting such other and future relief as the nature of the case may admit or require and as may be just and equitable.

Dated: September 18, 2009

Respectfully submitted,

*[signature]*

D. Brian Kacedon, Bar No. 473398
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

Attorneys for Plaintiff
Amgen Incorporated

**Of Counsel:**
Scott M. K. Lee, Bar No. 502437
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

Lauren L. Stevens
FINNEGAN, HENDERSON, FARABOW GARRETT & DUNNER, L.L.P.
3300 Hillview Avenue
Palo Alto, CA 94304-1203
(650)-849-6614